By the Court.
 

 The pertinent part of Section 722-2 of the Code of Ordinances of the City of Cincinnati reads:
 

 “Any
 
 responsible person
 
 or firm may obtain from the city treasurer, a license to do business as a professional bondsman on payment of an annual license fee of one hundred dollars * * (Emphasis added.)
 

 Section 722-2a of the code of ordinances requires an applicant for such license to furnish with the application a surety bond in favor of the city of Cincinnati in any sum, not less than $1,000, adequate to cover at all times the total amount of all outstanding, undischarged bail bonds, recognizance bonds, appeal bonds or other court bonds on which he shall lie liable as surety.
 

 The relator contends that the city treasurer has the administrative duty to issue a license where an applicant is
 
 financially
 
 responsible.
 

 It is the position of counsel for the city treasurer that the term, “responsible,” as used in Section 722-2 of the code of ordinances, imposes
 
 moral
 
 as well as
 
 financial
 
 qualifications upon an applicant seeking a license as a professional bondsman, and that the city treasurer is clothed with authority to determine, in the exercise of a sound discretion, the possession of such qualifications.
 

 Webster’s New International Dictionary (2 Ed.) defines, in part, “responsible” as follows: “Able to respond or answer for one’s conduct and obligations; trustworthy, financially or otherwise.”
 

 It was stipulated by counsel in the Court of Ap
 
 *237
 
 peals that on January 12, 1949, relator was convicted of the offense of making false statements for the purpose of defrauding the United States in violation of Section 72 of Title 18 of the United States Code and making false statements under oath for the purpose of obtaining bond in violation of Section 231 of Title 18 of the United States Code, and on June 25, 1947, relator was convicted of the offense of attempting to evade his income tax in violation of the United States Income Tax Law. It was stipulated also that he had been convicted twice of the offense of possession of untaxed intoxicating liquor and once of the offense of unlawful possession of intoxicating liquor without a permit; It was stipulated further that, relator had satisfied all judgments rendered against him on forfeited bonds.
 

 This court is of the opinion that under Section 722-2,
 
 supra,
 
 more than financial responsibility of a person is a prerequisite to the issuance of a license as a professional bondsman, that the city treasurer had authority to determine whether the relator was a responsible person, and that under the stipulated facts of this case there was no abuse of discretion in refusing to issue a license to relator.
 

 It is the established law of this state that a writ of mandamus will lie to compel the performance of an act specially enjoined by law as a duty resulting from a public office, but will not issue to control discretion unless it be clearly shown that the refusal to act is an abuse of discretion.
 
 Board of Education of Sycamore
 
 v.
 
 State, ex rel. Wickham,
 
 80 Ohio St., 133, 88 N. E., 412, paragraph one of syllabus. See, also,
 
 State, ex rel. Ins. Co.,
 
 v.
 
 Moore,
 
 42 Ohio St., 103;
 
 State, ex rel. Franklin County Agricultural Society,
 
 v.
 
 Stroop,
 
 100 Ohio St., 522, 126 N. E., 443;
 
 State, ex rel. Collett,
 
 v.
 
 *238
 

 Truax, Secy, of Agriculture, 117
 
 Ohio St., 78, 157 N. E., 792; and 25 Ohio Jurisprudence, 1131, Section 176. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.