Mr. Chief Justice McWilliams
delivered the opinion of the Court.
An ordinance of the City of Aurora reads as follows:
“It shall be unlawful for any person to resist any police officer, or any member of the police department or any person duly empowered with police authority, while in the discharge or apparent discharge of his duty, or in any way to interefere or hinder him in the discharge or apparent discharge of his duty.” (Emphasis supplied.)
Del Toro was charged in the Municipal Court of Aurora with violating the aforementioned ordinance and upon trial a jury adjudged him to be guilty and imposed a $25 fine therefor.
Being dissatisfied with the outcome of his trial in the Municipal Court, Del Toro perfected an appeal to the County Court of Adams County, where he obtained a trial de novo. This trial proved to be much more satisfactory to Mr. Del Toro and culminated in a judgment dismissing the charge.
More specifically, after the City of Aurora and Del Toro had presented their evidence as to the facts and circumstances surrounding the alleged offense, Del Toro moved to dismiss the charge and the trial judge granted the motion and entered the aforementioned judgment of dismissal. In thus disposing of the matter, the trial judge did not pass upon the sufficiency of the evidence, but declared that the ordinance in question is unconstitutional because it fails to include scienter, or guilty knowledge, as one of its essential ingredients and as an additional reason for his action stated that the ordinance is so vague and uncertain that it fails to state an offense.
Taken somewhat aback at this turn of events, the City of Aurora by writ of error now seeks disapproval of the judgment of dismissal and a declaration from this Court *489 that the ordinance making it unlawful to interfere with a police officer in the discharge of his duties is not subject to the infirmities perceived by the trial court. In our view the trial court did commit error and we shall briefly state our reasons therefor.
It has long been recognized that a law-making body, be it state legislature or city council, may make the commission of a prohibited act a crime, irrespective of the element of scienter, or so-called guilty knowledge. See 14 Am. Jur. p. 784, et seq. and Hershorn v. People, 108 Colo. 43, 113 P.2d 680.
22 C.J.S. p. 100 reads as follows:
“The legislature may make an act criminal without regard to the intent or knowledge of the doer. Whether it has done so is to be determined from the language and purpose of the statute. Where the statute is silent, knowledge and criminal intent are generally essential if the crime involves moral turpitude, but not if it is malum prohibitum. . . . Such legislation is enacted and is sustained, for the most part, on grounds of necessity, and is not violative of federal or other constitutional prohibitions.”
Applying the foregoing principles to the instant case, it becomes abundantly clear that the trial court erred in holding that the ordinance here in question is invalid because it fails to include scienter, or guilty knowledge, as an essential ingredient thereof.
The trial court also committed error when it determined that the ordinance is so vague and uncertain in its meaning that a charge based thereon failed to state an offense. In reaching this conclusion the trial court opined that the word “interfere,” as used in the ordinance, was unclear and that it was this particular, uncertainty which prompted its dismissal of the charge.
The ordinance provides, in part, that it is unlawful for any person “in any way to interfere” with a police officer who is discharging his official duties. Black’s *490 Law Dictionary, De Luxe Edition, defines the word “interfere” as follows:
“To check; hamper; hinder; disturb; intervene; inter-meddle; interpose; to enter into, or to take part in, the concerns of others.”
We find it unnecessary to belabor that which we firmly believe to be the obvious. It is deemed sufficient to say that in our considered view the word “interfere” is not vague and uncertain in meaning, but on the contrary has a quite well-defined and generally understood meaning. Acts of interference may be as varied as the machinations of man, but the word “interfere” has a clear, constant and unmistakable meaning to all.
Judgment disapproved.