No. 22602.

C. J. HERBERTSON, DOING BUSINESS AS ACOMA BAIL BOND CO. v. DEPARTMENT OF INSURANCE OF THE STATE OF COLORADO AND THE COMMISSIONER OF INSURANCE, J. RICHARD BARNES.
(478 P.2d 668)

Decided December 21, 1970.

JOHN S. CARROLL, REBECCA L. BRADLEY, EDWARD O. GEER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THE Department of Insurance, acting by and through the then Commissioner of Insurance, served an amended order upon C. J. Herbertson, a licensed "professional"

bail bondsman, to *show cause* why his license should not be suspended or revoked pursuant to C.R.S. 1963, 72-20-6. Subsequently, a successor Commissioner conducted the hearing.

Following the hearing, the Commissioner entered an order suspending Herbertson's license for 60 days. Herbertson sought review in the district court under R.C.P. Colo. 106 (Certiorari). The district court found that the Commissioner had not exceeded his jurisdiction or abused his discretion and affirmed the suspension order.

The matter is now before us for review on writ of error. Our review is limited to inquiry as to whether the court has "exceeded its jurisdiction or abused its discretion" just as the district court was limited. *City and County of Denver v. People, ex rel. P.U.C.*, 129 Colo. 41, 266 P.2d 1105. We agree with the trial court and affirm.

The trial court initially and then this court stayed the execution of the suspension order pending the decision herein.

The plaintiff in error asserts thirteen grounds for reversal. We will discuss some of them and summarily dispose of the remainder.

The factual background required to place the issues in focus is very limited. In 1963, the General Assembly adopted what is now C.R.S. 1963, Art. 20, Ch. 72, to provide for the licensing and regulation of professional bail bondsmen. On July 1, 1963, a bail bondsman's license was issued to C. J. Herbertson, being License No. 44, effective to and including January 31, 1964. On or before January 31, 1964, the license was renewed (License No. 63) for an additional one-year period.

On December 18, 1963, Mr. Herbertson made gifts of $50 each to the administrative officer and the assistant administrative officer of the Municipal Court of the City and County of Denver, and gifts of $10 each to several other court employees.

The order to show cause was issued and served Feb-

ruary 17, 1964, setting the hearing for February 28, 1964. The hearing was held accordingly.

I.

Herbertson challenges the constitutionality of C.R.S. 1963, 72-20-9. The statute, in pertinent part, provides,

"(1) (a) It shall be unlawful for any licensee under this article to engage in any of the following activities:

"(b) * * *.

"(c) Pay a fee or rebate, *or to give* * * * *anything of value to a* * * * *clerk, deputy clerk, any other employee of any court,* * * *." (Emphasis added.)

The constitutional challenge to the statute is three-pronged: (1) Vagueness, (2) Lack of *mens rea* or criminal intent, and that (3) the bail bond business is not subject to regulation; the statute constitutes an unlawful extension of the police power.

(1)

█ The vagueness issue is based upon certain language which is not quoted, because the facts bring the issue within the quoted language. The recipients of the gifts fall within the category of *court employees*. Therefore, there is no *vagueness* in the statute as it applies to the plaintiff in error. It is definite that *gifts* shall not be made to *court employees* by professional bondsmen. We need not discuss the alleged invalidity, based on the unquoted language, which has no bearing upon the facts before us.

(2)

█ The legislature has proscribed the making of a gift to certain specified officials with whom bail bondsmen must deal in the normal course of their licensed activities. It has not required that such act be done with an evil purpose, guilty knowledge, scienter, or *mens rea*. Herbertson maintains that this is fatal to the validity of the statute. We hold to the contrary. In *People v. Del Toro*, 155 Colo. 487, 395 P.2d 357, we held,

"It has long been recognized that a law-making body, be it state legislature or city council, may make the

commission of a prohibited act a crime, irrespective of the element of *scienter*, or so-called guilty knowledge."

█ The legislature may, when public policy dictates, make an act *an offense* without regard to the intent or knowledge of the doer. *People v. Del Toro, supra; Hershorn v. People,* 108 Colo. 43, 113 P.2d 680.

(3)

█ Herbertson argues that the bail bond business is not subject to regulation under the police power of the state. Contrary to his contention, it is generally recognized that the bail bond business is a matter of public concern, and hence, is subject to reasonable regulation under the police power of the state. *State ex rel. Howell v. Schiele,* 85 Ohio App. 356, 40 Ohio Ops. 234, 54 Ohio L.Abs. 471, 88 N.E.2d 215, *aff'd,* 153 Ohio St. 235, 41 Ohio Ops. 249, 91 N.E.2d 5. For collection of cases on "Bail Bond Business — Regulation," *see Annot.,* 13 A.L.R. 3d 618.

The Bail Bondsmen's Act, in its enumeration of reasons for the denial, suspension and revocation of licenses, suggests the abuses which the General Assembly found to exist in the bail bond business, all (or any) of which are sufficient to justify legislative intrusion into the field. The reasons include "misappropriation, conversion, or unlawful withholding of moneys belonging to insured principals or others and received in the conduct of the business. * * * fraudulent or dishonest practices in the conduct of the business. * * *" C.R.S. 1963, 72-20-6. *See also* the prohibited acts under 72-20-9.

█ The plaintiff in error predicates reversible error on the fact that a different individual, occupying the office of Commissioner, issued the show cause order than heard the matter. He contends this was a fatal defect, because "Mr. Brown was never properly authorized to take Mr. Berry's place in this capacity." This issue was not raised in Herbertson's Motion to Dismiss filed with the Commissioner at the outset of the hearing. There is nothing in the record to indicate that any of the Com-

missioners were not duly appointed and properly inducted into office. In the absence of proof to the contrary, it is assumed that they were de jure officials.

## II.

The bulk of the remaining alleged errors relate primarily to procedural matters. From an examination of the record, there appears to have been substantial compliance with the applicable statutes and certainly nothing of such proportions as to deny *due process* to the plaintiff in error. Nor does there appear to be anything in the decision of the Commissioner indicative of arbitrariness, capriciousness, or the lack of a factual basis to justify it.

The detailed treatment of the other alleged errors would unduly lengthen this opinion. Suffice it to say, that we find no merit in any of them.

The judgment of the trial court is affirmed. The stay of excution of the order of suspension is hereby vacated.