### No. 26320

### The People of the State of Colorado v. Reagan Garcia

(541 P.2d 687)

Decided September 22, 1975.                    Rehearing denied November 3, 1975.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Janice Buchanan, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The issue before the court is the constitutionality of section 18-4-105, C.R.S. 1973 (Fourth Degree Arson). The trial court ruled this statute unconstitutional. We reverse.

The defendant was charged with a class 2 misdemeanor under the fourth degree arson statute for endangering property whose value was one hundred dollars or more. This statute, in pertinent part, provides:

"A person who starts or maintains a fire or causes an explosion, on his own property or that of another, and by so doing places another in danger of death or serious bodily injury or places any building or occupied structure of another in danger of damage commits fourth degree arson."

Prior to trial, the defendant filed a motion to dismiss the charge on the ground that the statute was unconstitutionally vague and overbroad. The trial court agreed and dismissed the complaint.

The district attorney initiated this appeal under section 16-12-102, C.R.S. 1973. Although a direct appeal from a county court judgment to this court is not contemplated by either statute or rule, this appeal was specifically authorized in *People v. Gibson*, 184 Colo. 444, 521 P.2d 774 (1974).

I.

A criminal statute is unconstitutionally vague if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and application. *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *People v. Cardwell*, 181 Colo. 421, 510 P.2d 317 (1973). Due process requires a statute to be sufficiently definite to give notice of the proscribed conduct to one who wishes to avoid its penalties, and to guide the police, judge, jury and counsel in its application. Further, where certain constitutional freedoms are potentially inhibited, the vagueness doctrine may require an especially demanding degree of specificity.

*Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *People v. District Court,* 185 Colo. 78, 521 P.2d 1254 (1974).

However, as stated in *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973) "[W]ords inevitably contain germs of uncertainty." Because of such limitations in our language, statutory terms should be given the benefit of our common sense understanding. Appellate courts should never assume the role of overseer of legislative actions and declare statutes unconstitutional merely because of a court's belief that a given statute could be drafted better or more fairly applied. *People v. District court, supra.*

Accordingly, where no constitutional freedoms are potentially infringed upon, a statute is presumed constitutional, and the party attacking the statute has the burden of proving it unconstitutional beyond a reasonable doubt. *People v. District Court, supra; People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973).

The burden of proof is especially difficult where the party seeks to attack a statute's facial validity, so long as there is no potential inhibition of certain constitutional freedoms, such as the freedom of speech. If such a statute is directed at a substantial range of conduct which is plainly within its prohibition, it will not be struck down as vague merely because marginal cases could be imagined where doubts might arise in its application. *United States Civil Service Commission v. National Association of Letter Carriers, AFL-CIO,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954). Disputes concerning the application of a criminal statute to marginal cases can be more meaningfully resolved according to the rules of strict construction of the statutory terms within the context of the specific facts of the case. Only where the statute provides no discernible standards at all for defining any proscribed conduct should the harsh remedy of voiding a statute on its face be employed.

## II.

In light of these foregoing principles, the defendant in this case has failed to meet his burden of proving the fourth degree arson statute unconstitutional on its face. He has failed to demonstrate that the statute reaches constitutionally protected conduct as in most of the cases he cites in support of his position. *Compare, Smith v. Goguen, supra,* (freedom of speech); *Coates v. City of Cincinnati,* 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971), (right of assembly); *City of Lakewood v. Pillow,* 180 Colo. 20, 501 P.2d 744 (1972), (right to bear arms). In addition, this is not a statute that employs technical terms with inadequate definitions as in *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972), ("insufficient funds").

In comparison, those portions of the fourth degree arson statute which the defendant has standing to contest contain ordinary language with an obvious purpose and a clear meaning:

"A person who starts or maintains a fire on his own property or that of another, . . . and by so doing . . . places any building or occupied structure of another in danger of damage commits fourth degree arson."

The words used are without technical meaning except for "building," "property of another," and "occupied structure," which are all adequately defined by statute in section 18-4-101, C.R.S. 1973.

The phrase "starts or maintains a fire" conveys a plain meaning as to the general conduct proscribed by the statute. Defendant argues that this phrase could include many forms of conduct beyond the actor's control. However, this phrase must be read in accordance with section 18-1-502, C.R.S. 1973, which states that the "minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the ommission to perform an act which he is physically capable of performing," and section 18-1-501(9), C.R.S. 1973, which defines a voluntary act to mean "an act performed consciously as a result of effort or determination. . . ." Thus, the statute would not apply to a fire started by events beyond the actor's control; the actor must purposefully start a fire, though he may not intend or foresee the consequences.

Furthermore, the statutory requirement that a structure be placed "in danger of damage" gives both the defendant and the jury a practical guideline to acceptable behavior. As in *People v. Prante*, 177 Colo. 243, 493 P.2d 1083 (1972), where this court held that it was within a jury's competency to determine whether the defendant could have "reasonably" known that the victim was a police officer, a jury likewise can determine whether a building is in "danger of damage" by a fire.

The defendant nevertheless argues that the statute should at least require proof of a particular degree of damage or imminency of damage to provide the jury with clearer guidelines to follow. However, the defendant here confuses the vagueness issue with the power of the legislature to prohibit certain conduct. The legislature is not constitutionally restricted to punishing conduct that only "imminently" puts a structure in danger of damage. *Compare, Brandenberg v. Ohio*, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). (First Amendment forbids a statute to prohibit advocacy of use of force unless it threatens to produce "imminent" lawless acts).

The defendant also argues that the statute is fatally defective, since it fails to clearly define what criminal intent, if any, is necessary for the crime. The defendant points to the confusion caused by the comment to the statute in the 1963 version of the Code which states that the statute requires recklessness. However, section 18-1-502, C.R.S. 1973, expressly removes any ambiguity as to the culpability requirement of the statute. That section states that if an offense does not require a culpable mental state on the part of the actor, the offense is one of strict liability. The comment is irrelevant, since the notes form no part of the legislative text. *See*, C.R.S. 1963, 135-4-54, which is now included as part of section 2-5-113(f)(4), C.R.S. 1973.

The fourth degree arson statute is therefore drafted in words that are not susceptible to difficulties of interpretation by a person of common understanding and intelligence. Absent indications that the statute is being applied to conduct which a citizen could not reasonably have known was forbidden, the statute should not be ruled unconstitutional on grounds of facial vagueness.

## III.

The defendant also challenges the statute as being overbroad. He asserts that the statute purports to reach "non-culpable" conduct. Nowhere, however, does the defendant assert that the statute proscribes conduct that overlaps constitutionally protected conduct. Overbreadth analysis, however, is generally employed where overreaching legislation exists in such areas of constitutionally protected conduct. See Smith v. Goguen, supra; Broadrick v. Oklahoma, supra; City of Lakewood v. Pillow, supra; Comment, The First Amendment Overbreadth Doctrine, 83 Harv. L. Rev. 844 (1970). Furthermore, construed in accordance with section 18-1-502, C.R.S. 1973, the statute would be inapplicable to those situations in which there was no voluntary act or omission to perform an act within the physical capabilities of the person. Thus, the statute would not apply to a fire started by events beyond the actor's control.

## IV.

The defendant also asserts that the statute creates a strict liability crime in an area where the legislature may not do so. This assertion is without merit or support. It has long been recognized that the legislature may make the commission of a prohibited act a crime, irrespective of scienter, when public policy dictates it for the protection of the public health, safety and welfare. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); Herbertson v. Dept. of Insurance, 173 Colo. 327, 478 P.2d 668 (1970); People v. Del Toro, 155 Colo. 487, 395 P.2d 357 (1964). The control of fire is a matter of great public concern. As the People have stated in their brief "Increasing urbanization, which has narrowed the distance between people and structures, has certainly made one man's fire every man's concern." The trial court erred in declaring this statute unconstitutional.

The judgment is reversed.

MR. JUSTICE ERICKSON does not participate.