ESTEVEN M. KING, et al.,      )
   Plaintiffs/Appellants,    )
                     )
            vs.      )
                     )
BOARD OF ELECTIONS,           )
   Defendant/Appellee,       )
                     )
          and      )
                     )
DAVID M. CING, et al.,        )
   Real Parties in Interest/ )
   Appellees.                )
_____)

APPEAL NO. 91-039
CIVIL ACTION NO. 91-1191

OPINION

Argued December 19, 1991

Counsel for Plaintiffs/Appellants:   Theodore R. Mitchell
                                                 P. O. Box 2020
                                                 Saipan, MP 96950

Counsel for Defendant/Appellee:   James S. Sirok
                                                 P. O. Box 2145
                                             Saipan, MP 96950

Counsel for Real Parties in
   Interest/Appellees:               Rexford C. Kosack
                                                 P. O. Box 410
                                                  Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

The Northern Mariana Islands Board of Elections (hereafter BOE) promulgated regulations in 1979 providing procedures for voter challenges on election day. Certain of the plaintiffs are registered voters who were challenged at the polls on election day,

399

November 2, 1991, under such regulations. BOE, pursuant to such regulations, scheduled hearings to adjudicate the qualifications of the challenged voters. Plaintiffs brought an action for declaratory and injunctive relief alleging that BOE has no jurisdiction to adjudicate the eligibility of voters challenged at the polls and that the challenge procedure violates the plaintiffs' rights to cast secret ballots. The Superior Court, in a summary judgment proceeding, declared that the BOE regulations are valid and that the challenge procedure does not violate the right to cast a secret ballot. Plaintiffs appeal. We affirm.

## FACTS

Plaintiffs consist of the Tinian Republican Party candidates and certain registered voters on the island of Tinian. On election day, November 2, 1991, some of the real parties in interest challenged the registered voters on the ground that the voters were not residents of Tinian as required by 1 CMC § 6205(b)(1). Pursuant to the procedure set out in the BOE regulations for voter challenges, the ballots of the challenged voters will not be counted and tabulated until the board hears the challenges and determines the eligibility of the voters.

Plaintiffs argue that the voter challenge procedure on election day at the polls is in effect an election contest. Consequently, BOE has no jurisdiction to hear and determine the matter since Public Law 5-7, enacted in 1986, withdrew such jurisdiction.

Real parties in interest are some of the Tinian Democratic Party candidates and certain voters of Tinian who challenged the eligibility of some of the plaintiffs to vote on Tinian.

Both BOE and real parties in interest contend that Public Law 5-7 did not divest BOE of its jurisdiction to hear and determine voter challenges made at the polls on election day.

## ISSUES PRESENTED

1. Does the Board of Elections have the jurisdiction to hear and adjudicate the eligibility of voters challenged at the polls on residency grounds?

2. Are Section 3 of Part VII of the Election Rules and Regulations and the challenge procedure followed by the Board of Elections null and void because the regulation and procedure violate the voters' right to cast secret ballots pursuant to 1 CMC § 6411?

## STANDARD OF REVIEW

An appeal of a grant of summary judgment is subject to de novo review. Estate of Mendiola v. Mendiola, No. 90-042 (N.M.I. Aug. 28, 1991). If there is no genuine issue of material fact, the analysis shifts to whether the substantive law was correctly applied. Commonwealth Ports Authority v. Hakubotan Saipan Enterprises, Inc., No. 90-005 (N.M.I. Aug. 8, 1991).

In this appeal, the parties agree that the facts are not in dispute. The only question, therefore, is whether the trial court

applied the substantive law correctly.

## ANALYSIS

### Public Law 5-7

The trial court concluded that "the Board's regulatory power to hear voter challenges still exists." *King v. Board of Elections*, C.A. No. 91-1191, slip op. at 5 (Superior Ct. Dec. 11, 1991).

To determine whether Public Law 5-7 withdrew the jurisdiction of BOE to hear voter challenges made on election day at the polls, we must first address the issue of whether the procedure that allows a voter to challenge the eligibility of another voter on election day is an election contest.[1] Plaintiffs contend that this procedure is an election contest. Defendant and real parties in interest contend that it is not. Counsel for real parties in interest state the distinction as follows:

---

[1] Section 3 of Part VII of the Election Rules and Regulations provide that:

> Any person appearing at the polling place to vote shall report his legal name, in full, and his date of birth to the election officials. An election official shall clearly and audibly announce them. Another election official shall then check the register of voters as to whether or not the person appearing is a registered voter, and if so, shall announce the name and date of birth appearing in the register. At this point a challenge may be interposed on the grounds that the ballot is subject to challenge under law or regulations issued by the Board. Voting shall then proceed in accordance with the procedures prescribed by the Board, however, all voting shall be by secret ballot.

A 'challenge' is made against a voter on election day on the grounds that the voter is not eligible to vote. An 'election contest' is made against the winning candidate, after the vote has been tabulated and the results certified, on the grounds that he has been illegally elected or is not eligible to hold office.

Brief of Real Parties in Interest at 1.  (Citations omitted.)

Clearly, if the procedure is an election contest, then Public Law 5-7 would preclude BOE from entertaining the matter.  If the procedure is not an election contest, then Public Law 5-7 does not affect the voter challenges procedure.

The issue then is the meaning of Public Law 5-7.  In <u>Govendo v. Micronesian Garment Manufacturing, Inc.</u>, No. 90-013, slip op. at 13 (Sept. 10, 1991), we stated that, "A basic principle of construction is that language must be given its plain meaning. When language is clear, we will not construe it contrary to its plain meaning."  (Citations omitted.)

In section 1 of Public Law 5-7, it is stated that:

<u>Findings</u>.  The Commonwealth Legislature finds that the delegation of review authority of election contests to the Commonwealth Courts was never intended to strip the Legislature of its final review authority pursuant to Article II, Section 14(a) of the Commonwealth Constitution.  Furthermore, the Legislature finds that the Election Board should have the sole authority to judge the validity of questionable ballots.  That Board has the ability to provide consistency in such decisions because it is aware of the precedents it has established in previous cases.  However, the Legislature finds that election contests should be conducted in a court of law where the parties can avail themselves of the established procedures for the determination of questions of fact and law.  Furthermore, the Constitution does not allow the Legislature to vest jurisdiction in any other agency or branch, other than the Court to determine the election and qualification of its members.

Most of the remaining sections of Public Law 5-7 deal with specific amendments to the existing election laws to make such provisions conform to the findings of the legislature, as stated in section one (each section being labelled "conforming amendment"). In addition, one section of the law deals with a specific repeal of certain provisions that were inconsistent with the findings of the legislature (labelled "repealer").

With the exception of the amendment to section 6415(a), dealing with election administration, all other conforming amendments and the repealer section deal with the chapter on election contests.[2]

█ Based on the above-stated principle of statutory construction, the plain meaning of Public Law 5-7 is that the jurisdiction of BOE was withdrawn only as to election contests. The law did not address the issue of voter challenges.[3]

If the legislature wanted to withdraw the jurisdiction of BOE concerning voter challenges, it would have clearly stated it in Public Law 5-7. It did not. Its silence is significant. It knew of the voter challenge procedure, yet it kept quiet on the matter

---

[2]The specific section under election administration that was amended is entitled "Ballot Irregularities." The amendment made it clear that a decision of BOE on the validity of a ballot is final and not appealable to the legislature or the court.

[3]The parties agree that before the passage of Public Law 5-7 BOE had jurisdiction to hear and determine voter challenges, and election contests. The parties further agree that BOE no longer has authority to hear election contests.

when it enacted Public Law 5-7.[4]  Therefore, there is no need to resort to the legislative history of Public Law 5-7.

## Right to Cast Secret Ballot

There is no dispute that the voter challenge procedure creates the possibility that the final tally may, in some instances, reveal how a voter cast his/her ballot.  Although the right to cast a secret ballot in the Commonwealth is a right granted by statute and not by our Constitution, such a right is fundamental to our democratic system of government.  Since the American system of government and the concept of democracy were first introduced to our islands after World War II, the people of the Northern Mariana Islands have always been guaranteed the right to cast a secret ballot.  Any infringement upon such right must be on the basis of a substantial Commonwealth interest.

1 CMC § 6411(a) states that "[e]ach qualified voter has the right to cast a secret ballot in private."  Clearly the right is given to a qualified voter.  Before a voter may complain that his or her right to cast a secret ballot has been violated, he or she must be a qualified voter.  A qualified voter's right to vote is diluted if unqualified persons vote.  See Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).  Therefore, the

---

[4]Because we conclude that Public Law 5-7 did not withdraw the authority of BOE to hear and determine voter challenges, we do not address the question of whether the legislature can expressly amend or repeal an administrative rule or regulation, or whether it can do so only by amending or repealing the statutory basis.

Commonwealth has a substantial interest in ensuring that only qualified voters do vote.

The voter challenge procedure at the polls is an election day mechanism that BOE has determined as a way of preserving the integrity of elections. While this procedure may at times interfere with a person's right to cast a secret ballot, it is a procedure intended to protect a substantial Commonwealth interest.

The trial court believed that the current procedure could be improved. We make no opinion on this matter. We will not act as a super legislature and strike down a statute or a regulation merely because it could have been better written. See, e.g., People v. Garcia, 541 P.2d 687 (Colo. 1975).

### Conclusion

The Decision and Order of the trial court is AFFIRMED.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice

Jesus C. Borja
Associate Justice