843 P.2d 1321 (1993)
The PEOPLE of the State of Colorado By and Through the CITY OF LONGMONT, Petitioner,
v.
Thomas GOMEZ, Respondent.
No. 91SC726.
Supreme Court of Colorado, En Banc.
January 11, 1993.
Claybourne M. Douglas, City Atty., City of Longmont, Longmont, for petitioner.
*1322 Lusero & Wimmershoff, James F. Lusero, Longmont, for respondent.
Charles H. Richardson, George W. Zierk, III, Aurora, for amicus curiae City of Aurora.
Justice KIRSHBAUM delivered the Opinion of the Court.
We granted certiorari, pursuant to C.A.R. 49(a), to review an order of the Boulder County District Court affirming a municipal court ruling declaring a City of Longmont, Colorado (Longmont), ordinance prohibiting harassment to be unconstitutionally vague. We affirm.

I
In late 1990, the respondent, Thomas Gomez, mailed a ten-page letter to his former wife replete with profanity and negative assessments of her character and conduct. On December 5, 1990, a Longmont police officer filed a summons and complaint in the Longmont Municipal Court charging Gomez with a violation of the Longmont harassment ordinance. Longmont, Co., Mun.Code § 10.12.170 (1988).[1] Gomez subsequently moved to dismiss the case on the ground that subsection (A)(5) of the ordinance with which he was charged was unconstitutional.[2] On May 24, 1991, after conducting a hearing, the municipal court held that the ordinance was unconstitutionally vague[3] and dismissed the case.
The prosecution appealed the municipal court's judgment to the district court.[4] The district court affirmed, concluding that the ordinance failed to provide particularized standards for determining what conduct constitutes harassment.

II
Several basic principles of constitutional analysis are pertinent to our inquiry. Statutes are presumed to be constitutional, People v. Schoondermark, 699 P.2d 411, 415 (Colo.1985), and a party attacking a statute on constitutional grounds assumes the burden of proving the unconstitutionality of the statute beyond a reasonable doubt. People v. Rosburg, 805 P.2d 432, 439 (Colo.1991); People v. Revello, 735 P.2d 487, 489 (Colo.1987). In addressing a challenge to a statute as unconstitutionally vague in violation of the due process clause of the Colorado Constitution,[5] we must determine whether the statute "`either forbids or requires the doing of an act in terms so vague that [persons] of ordinary intelligence must necessarily guess as to its meaning and differ as to its application....'" People ex rel. City of Arvada v. Nissen, 650 P.2d 547, 550 (Colo. 1982) (quoting Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)); see also People v. Becker, 759 P.2d 26, 31 (Colo.1988). Mathematical precision in legislative drafting is not required. People v. Ford, 773 P.2d 1059, 1067 (Colo.1989). Although statutory language must be sufficiently specific to give fair warning of prohibited conduct, it also must be sufficiently general to permit application of the prescribed standards of conduct to varied circumstances and changing *1323 times. Exotic Coins, Inc. v. Beacom, 699 P.2d 930, 943 (Colo.), appeal dismissed for want of substantial federal question, 474 U.S. 892, 106 S.Ct. 214, 88 L.Ed.2d 214 (1985).
The Longmont ordinance here challenged contains the following provisions:

Harassment. A. A person commits harassment if, with intent to harass, threaten or abuse another person he:
1. Strikes, shoves, kicks or otherwise touches a person, or subjects him to physical contact; or
2. In a public place, directs obscene language or makes an obscene gesture to or at another person in such manner as is likely to create an immediate breach of the peace; or
3. Follows a person in or about a public place; or
4. Repeatedly insults, taunts or challenges another in a manner likely to provoke an immediate violent or disorderly response;
5. Engages in any other conduct that in fact harasses, threatens or abuses another person.
B. As used in this section, unless the context otherwise requires, "obscene" means a patently offensive description of ultimate sexual acts or solicitation to commit ultimate sexual acts, whether or not said ultimate sexual acts are normal or perverted, actual or simulated, including masturbation, cunnilingus, fellatio, anilingus, or excretory functions.
C. Penalty. Any person violating the provisions of this section shall, upon conviction, be punished by a fine not exceeding nine hundred ninety-nine dollars or by imprisonment not exceeding one hundred eighty days, or by both such fine and imprisonment.
Longmont, Co., Mun.Code § 10.12.170 (1988). The People assert that when read together with other provisions of the ordinance, subsection (A)(5) thereof does not contravene due process vagueness standards. We disagree.
The ordinance prohibits conduct intended to harass, threaten or abuse others. Subsections (A)(1) to (A)(4) of the ordinance define specific types of prohibited conduct. Subsection (A)(5) proscribes all conduct not specified in subsections (A)(1) to (A)(4) that in fact results in harassment, threats or abuse.
This court has previously considered various legislative efforts designed to prohibit particular forms of communication. In People ex rel. Van Meveren v. County Court, 191 Colo. 201, 551 P.2d 716 (1976), we considered and rejected a vagueness challenge to a telephone harassment statute. The challenged statute in that case contained the following pertinent language:
Harassment. (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he:
....
(h) Repeatedly insults, taunts, or challenges another in a manner likely to provoke a violent or disorderly response.
§ 18-9-111(1)(h), 8 C.R.S. (1973). The defendant challenged the statute on the ground that it was unconstitutionally vague because the speaker was required to know the emotional impact his words would have on the recipient. We rejected this argument, holding that the statute required application of an objective test. People ex rel. Van Meveren, 191 Colo. at 206, 551 P.2d at 720.
In People v. Weeks, 197 Colo. 175, 591 P.2d 91 (1979), we again rejected a void for vagueness challenge to another portion of the telephone harassment statute considered in People ex rel. Van Meveren. The statutory language in question stated as follows:
Harassment. (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he:
....
(e) Initiates communication with a person, anonymously or otherwise by telephone, in a manner intended to harass or *1324 threaten bodily injury or property damage, or makes any comment, request, suggestion, or proposal by telephone which is obscene....
§ 18-9-111(1)(e), 8 C.R.S. (1973 & 1976 Supp.). Noting that the statute contained a definition of obscenity, we held that the defendant's telephone calls to a woman during which the defendant described various sex acts could be fairly characterized as falling within the statute's proscription of obscene communication. Weeks, 197 Colo. at 178, 591 P.2d at 94.
In People v. Norman, 703 P.2d 1261 (Colo.1985), we declared a provision of another harassment statute unconstitutionally vague. The statute at issue provided that a person commits the crime of harassment if, "with intent to harass, annoy, or alarm another person," such person "[e]ngages in conduct or repeatedly commits acts that alarm or seriously annoy another person and that serve no legitimate purpose...." § 18-9-111(1)(d), 8 C.R.S. (1978). We held that the statutory language contained "no limiting standards to assist citizens, courts, judges or police personnel to define what conduct is prohibited and, conversely, what conduct is permitted." Norman, 703 P.2d at 1267.
In People v. Randall, 711 P.2d 689 (Colo. 1985), we upheld an indecent exposure statute against a void for vagueness challenge. The statute at issue provided as follows:
Indecent exposure. (1) A person commits indecent exposure if he knowingly exposes his genitals to the view of any person under circumstances in which such conduct is likely to cause affront or alarm to the other person.
§ 18-7-302(1), 8 C.R.S. (1978). Because it was immaterial whether a particular victim was in fact affronted or alarmed by the prohibited conduct, we concluded that the statute set forth a readily identifiable objective standard for measuring the proscribed conduct. In contrast to the statute found unconstitutional in Norman, we noted that the indecent exposure statute contained particularized standards setting forth the conduct sought to be proscribed exposure of one's genitalswithout reference to the effect of the conduct. Randall, 711 P.2d at 693.
In People v. McBurney, 750 P.2d 916 (Colo.1988), we rejected a void for vagueness challenge to an amended telephone harassment statute. The statute provided in pertinent part as follows:
Harassment. (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he:
....
(e) Initiates communication with a person, anonymously or otherwise by telephone, in a manner intended to harass or threaten bodily injury or property damage, or makes any comment, request, suggestion, or proposal by telephone which is obscene....
§ 18-9-111(1)(e), 8B C.R.S. (1986). That statutory provision limited the scope of the offense to harassing or obscene telephone calls, thus avoiding potential for arbitrary and discriminatory enforcement. McBurney, 750 P.2d at 920.
Both parties and the courts below have relied on Bolles v. People, 189 Colo. 394, 541 P.2d 80 (1975), wherein we found section 18-9-111(1)(e), 8 C.R.S. (1973), unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution and article II, section 10, of the Colorado Constitution. The statute there examined stated in pertinent part as follows:
Harassment. (1) A person commits harassment if, with intent to harass, annoy, or alarm another person, he:
....
(e) Communicates with a person, anonymously or otherwise by telephone, telegraph, mail or any other form of communication, in a manner likely to harass or cause alarm....
§ 18-9-111(1)(e), 8 C.R.S. (1973). We concluded that subsection 111(1)(e) was overbroad *1325 because it included constitutionally protected speech within its prohibitions. Bolles, 189 Colo. at 397-98, 541 P.2d at 82-83. Because Bolles was decided under an overbreadth analysis, it does not control the resolution of the due process vagueness challenge here presented.
Just as the broad statutory provision examined in Norman invited police authorities, prosecutors and others to exercise personal judgment in determining whether particular conduct constituted a violation thereof, the unlimited reference to "any other conduct" in subsection (A)(5) of the Longmont ordinance invites unbridled executive discretion. The phrase "that in fact harasses, threatens or abuses another" does not provide the requisite limiting standards. Assuming, arguendo, that such phrase requires application of an objective test, its focus on the result of conduct does not provide any advance indication of what particular conduct is in fact prohibited.
The People argue that our decision in People v. Gonzales, 188 Colo. 272, 534 P.2d 626 (1975), requires the conclusion that subsection (A)(5) of the Longmont ordinance is not unconstitutionally vague. In Gonzales, we rejected a void for vagueness challenge to a criminal impersonation statute that provided in pertinent part as follows:
Criminal Impersonation. (1) A person commits criminal impersonation if he assumes a false or fictitious identity or capacity, and in such identity or capacity he:
....
(e) Does any other act with intent to unlawfully gain a benefit for himself or another or to injure or defraud another.
1963 C.R.S. § 40-5-113(1)(e) (1971 Perm. Supp.). We found the statutory language sufficiently limited to permit a person of average intelligence to understand what conduct was forbidden. Gonzales, 188 Colo. at 275, 534 P.2d at 628. The statute related only to conduct committed after the perpetrator assumed a false or fictitious identity. In contrast, subsection (A)(5) of the Longmont ordinance relates to all forms of conduct not previously identified in subsections (A)(1) to (A)(4) thereof.[6]
The People also argue that the Longmont ordinance does not violate Gomez's due process rights because it focuses on the intent of the accused as well as on the actual effect of the proscribed conduct. We disagree.
The due process requirement of reasonable specificity serves two important purposes. It provides assurance that a penal statute gives fair warning of proscribed conduct so that persons may guide their actions accordingly. Regency Servs. Corp. v. Board of County Comm'rs, 819 P.2d 1049, 1055 (Colo.1991); People v. Batchelor, 800 P.2d 599, 603 (Colo.1990). In addition, it requires statutory standards to be sufficiently precise to prevent arbitrary and discriminatory application by police officials, prosecutors, judges and juries. People v. Schoondermark, 699 P.2d 411, 415 (Colo.1985).
The presence of a specific intent element in a statute may reduce the susceptibility of the statute to a challenge for vagueness because in such circumstance the accused does not lack advance warning or knowledge that the act to be performed may constitute a violation of law. See People v. Gross, 830 P.2d 933, 938 (Colo.1992). However, the presence of a specific intent requirement does not necessarily render a statute immune to a due process vagueness *1326 challenge. In Norman, the absence of limiting standards with respect to prohibited conduct proved fatal even though the challenged statute contained a specific intent requirement.
Subsection (A)(5) of the Longmont ordinance prohibits all conduct not previously defined therein intended to harass, threaten or abuse another that in fact produces certain results. The subsection does not in any manner limit the vast range of activity to which it refers. As in Norman, the requirement of a particular mental state does not sufficiently limit the broad sweep of this subsection. Because a person of ordinary intelligence cannot determine in advance whether particular conduct would result in criminal prosecution under subsection (A)(5) of the Longmont ordinance, that subsection violates the notion of fundamental fairness embodied in the due process clause of the Colorado Constitution.[7]

III
For the foregoing reasons, the order of the district court is affirmed.
NOTES
[1] The ordinance was amended on December 10, 1990. See Longmont, Co., Mun.Code § 10.12.170 (1991). Our references are to the version of the code under which Gomez was charged.
[2] Although the record on appeal does not contain a copy of Gomez's motion, it does contain a transcript of the hearing before the municipal court. During the hearing Gomez presented First Amendment overbreadth arguments as well as due process vagueness arguments based on the United States and Colorado Constitutions. Because we conclude that the ordinance is unconstitutionally vague under the Colorado Constitution, we need not decide whether the ordinance passes constitutional scrutiny under the United States Constitution.
[3] The municipal court also concluded that Gomez's letter did not constitute protected speech. That portion of the municipal court's judgment is not before us.
[4] See §§ 13-6-310(1) and XX-XX-XXX(2), 6A C.R.S. (1987); C.M.C.R. 237(b); Crim.P. 37.
[5] See Colo. Const. art. II, § 25.
[6] In its amicus brief, the City of Aurora argues that the term "any other conduct" should not render the ordinance unconstitutionally vague because in People v. Del Toro, 155 Colo. 487, 395 P.2d 357 (1964), overruled on other grounds by City of Englewood v. Hammes, 671 P.2d 947, 952 n. 4 (Colo.1983), we upheld a local ordinance that contained similar words against a void for vagueness challenge. In Del Toro we rejected a vagueness challenge to an Aurora city ordinance which provided that "[i]t shall be unlawful for any person to resist any police officer ... or in any way to interfere" in the discharge of the officer's duties. We held that the term "interfere" was not impermissibly vague. We did not, however, address the question of whether the phrase "in any way" was impermissibly vague. Del Toro, 155 Colo. at 490, 395 P.2d at 358.
[7] Our conclusion is of course limited to the single subsection of the Longmont ordinance herein challenged.