[Cite as *State v. Wilhelm*, 2023-Ohio-3223.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 22 CA 000019 |
| RANDY A. WILHELM | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  20 CR 11-0282


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      September 11, 2023


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

CHARLES T. MCCONVILLE               J.C. RATLIFF
PROSECUTING ATTORNEY                ROCKY RATLIFF
CHRISTINE C. WILLIAMS               RATLIFF LAW OFFICE
ASSISTANT PROSECUTOR                200 West Center Street
117 East High Street, Suite 234     Marion, Ohio  43302
Mount Vernon, Ohio  43050

*Wise, P. J.*

**{¶1}** Appellant-Surety Larry Nibert appeals the August 26, 2022, decision of Knox County Common Pleas Court entering judgment against the surety, Bankers Insurance Company, for the full amount of a $100,000.00 bond, following a show cause hearing on forfeiture.

**{¶2}** Appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant procedural facts leading to this appeal are as follows.

**{¶4}** On November 16, 2020, Defendant Randy Wilhelm was charged with one count of Felonious Assault, a first-degree felony; one count of Bribery, a third-degree felony; one count of Menacing by Stalking, a fourth-degree felony; one count of Intimidation of an Attorney in a Criminal Case, a third-degree felony; and one count of Domestic Violence, a first-degree misdemeanor. The Defendant was subsequently arrested on November 17, 2020 and was held without bond pursuant to the trial court's January 5, 2021, Decision and Entry.

**{¶5}** On May 24, 2021, following several substitutions of counsel, a Motion for Bond Hearing was filed, and the Defendant was subsequently released on a $100,000.00 cash or surety bond, posted by surety Jason E. Wheaton and Bankers Insurance Company. This bond was subsequently transferred to bail bondsman, Larry Nibert, by depositor Jason Wheaton for Mr. Nibert to continue the bond with Bankers Insurance Company as its agent.

{¶6}    On April 21, 2022, the trial court held a hearing on the motion to withdraw filed by counsel for the Defendant Randy Wilhelm. The Defendant failed to appear for that hearing.

{¶7}    On May 2, 2022, a bond violation order was filed for failure of Defendant to comply with Bond Conditions Three (3), which required Defendant to reside at 7720 Keys Road, Mount Vernon, Ohio, and Five (5), which required Defendant to report to the Probation Department as instructed for failing to update his GPS ankle monitor. At that time, the trial Court ordered a warrant for the arrest of the Defendant and also ordered that the warrant be sealed until the Defendant was apprehended.

{¶8}    On June 22, 2022, the trial court ordered the Defendant's bond be revoked and forfeited with notice to the surety, and the court set a show cause hearing on the forfeiture for August 11, 2022.

{¶9}    On June 30, 2022, the trial court ordered that the statewide warrant for the arrest of the Defendant be unsealed, and the court amended the warrant to a nationwide warrant.

{¶10}  On July 22, 2022, the surety, Larry Nibert, thereupon filed a Motion to Release, Discharge, and Exonerate Surety, or in the Alternative, Motion to Extend Time to Locate the Defendant.

{¶11}  By Judgment Entry filed July 25, 2022, the trial court denied the motion.

{¶12}  On August 2, 2022, the Defendant failed to appear for trial.

{¶13}  On August 10, 2022, the trial court *sua sponte* extended the time for the surety to locate the Defendant by fourteen (14) days, and rescheduling the Show Cause Hearing for August 25, 2022.

{¶14} At the show cause hearing on August 25, 2022, the agent for the surety Bankers Insurance Company appeared with counsel. The State was represented by the Knox County Prosecuting Attorney. The trial court heard the arguments of counsel for the surety and for the State. At the conclusion of the hearing, the trial court found that, on August 19 and 20, 2022, the Defendant was involved in an overnight standoff at his fenced residence compound with multiple law enforcement agencies from outside the county and the Ohio State Highway Patrol. The law enforcement agencies deployed armored vehicles, a helicopter, and dozens of law enforcement officers. The officers engaged the Defendant and his brother in armed conflict through the early morning hours, when the Defendant fired multiple shots at the helicopter, and at the armored vehicles, causing property damage, including two rifle rounds into the windshield of one armored vehicle. The conflict ended with the deaths of the Defendant and his brother.

{¶15} The trial court found that "[b]ased upon the failure of the Defendant to appear for hearings in the case, and the failure of the surety to secure his arrest or his appearance, and the risk and expense to the State to secure the arrest of the Defendant, the Court hereby renders judgment against the surety, Bankers Insurance Company for the entire amount of the bond of $100,000. The surety is ordered to deposit $100,000 cash with the Clerk's office within 5 business days of the date of this entry."

{¶16} The trial court then set the matter for "further hearing to receive evidence regarding the costs to the State and other law enforcement agencies which were incurred to secure the arrest of the Defendant." The trial court added that "[t]he surety may present evidence and arguments for remission at that time."

{¶17} Appellant-Surety Larry Nibert now appeals, raising the following Assignments of Error:

ASSIGNMENT OF ERROR

{¶18} "I. THE TRIAL COURT ERRED IN ENTERING A BOND FORFEITURE JUDGMENT AGAINST APPELLANT SURETY LARRY NIBERT WHEN DEFENDANT WILHELM' S FAILURE TO APPEAR WAS THE RESULT OF HIS DEATH PRIOR TO THE SHOW CAUSE HEARING ON BOND FORFEITURE.

{¶19} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ENTERING A BOND FORFEITURE JUDGMENT AGAINST APPELLANT SURETY LARRY NIBERT AFTER FAILING TO FOLLOWING THE MANDATES OF R.C. 2937.35 AND R.C. 2937.36."

**I., II.**

{¶20} In his two Assignments of Error, Appellant-Surety Larry Nibert argues the trial court erred in entering a bond forfeiture against him in this case.

*Final Appealable Order*

{¶21} Appellee State of Ohio filed a Motion to Dismiss the instant appeal, on the grounds that a bond forfeiture order is not a final appealable order.

{¶22} Before we can reach the merits of the assignments of error, we must determine whether the order being appealed is final and appealable. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. To be final, an order also must fit into one of the categories set forth in R.C. §2505.02. *See General Electric Supply Co. v. Warden Electric, Inc.* (1988), 38 Ohio St.3d 378, 380, 528 N.E.2d 195.

**{¶23}** R.C. §2505.02(B) confines its definition of a final order "that may be reviewed, affirmed, modified, or reversed" as:

**{¶24}** "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial * * *."

**{¶25}** A surety bond is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered. R.C. § 2937.35; Rules Crim.Proc., Rule 46(A)(3).

**{¶26}** In *State v. Hughes*, the Ohio Supreme Court noted,

> The purpose of bail, as stated in Crim.R. 46(A) "is to insure that the defendant appears at all stages of the criminal proceedings." *See, also, Bland v. Holden* (1970), 21 Ohio St.2d 238, 257 N.E.2d 397 [50 O.O.2d 477]. The surety, by posting bail bond, guarantees that it will produce the defendant in court when called. *State ex rel. Howell v. Schiele* (1949), 85 Ohio App. 356, 88 N.E.2d 215 [40 O.O. 234], affirmed (1950), 153 Ohio St. 235, 91 N.E.2d 5 [41 O.O. 249]. If the defendant does not make a court appearance, there is a breach of a condition of the bond and the court must declare a forfeiture of the bail, Crim.R. 46(M), unless the surety is exonerated "as provided by law." Crim.R. 46(N).

**{¶27}** 27 Ohio St.3d 19, 20, 501 N.E.2d 622(1986). *Accord, State v. Bryson*, 5th Dist. Stark Nos. 2007-CA-00108, 2007-CA-00132, 2008-Ohio-193, ¶ 13 ("The procedure

for bail forfeiture is found in R.C. Chapter 2937."); *State v. AAA Sly Bail Bonds*, 5th Dist. Richland No. 17-CA-56, 2018-Ohio-2943, ¶ 24

**{¶28}** However, in a criminal case, a bond forfeiture order is not a final appealable order. *State v. Smith,* 7th Dist. Jefferson No. 05 JE 49, 2006–Ohio–4614, ¶ 21, citing *State v. McLaughlin* (1997), 122 Ohio App.3d 418, 420, 701 N.E.2d 1048; *State v. Williams* (1973), 40 Ohio App.2d 310, 312, 319 N.E.2d 223; *State v. Stuber,* 3d Dist. Hancock No. 5–02–49, 2003–Ohio–2938; *Dept. of Liquor Control v. Calvert*, 6th Dist. Sandusky No. S-10-055, 2011-Ohio-4735.

**{¶29}** In deciding whether a decision is final and appealable, we look at the intent of the trial court to determine whether the entry was meant to be the final judgment in the matter. *See Millies v. Millies* (1976), 47 Ohio St.2d 43, 44, 1 O.O.3d 26, 350 N.E.2d 675. "This intent can be ascertained by looking to the circumstances surrounding the issuance of the entry. * * * [A] document is likely to be considered a judgment entry where it contains a 'sufficiently definitive formal statement' indicating the court's intent to conclude the litigation by such entry." *State v. Crosby,* 12th Dist. No. CA2009–01–001, 2009-Ohio-4936, 2009 WL 2991129, ¶ 16, citing *Peters v. Arbaugh*, (1976), 50 Ohio App.2d 30, 32, 4 O.O.3d 17, 361 N.E.2d 531, quoting *Millies,* at 45, 1 O.O.3d 26, 350 N.E.2d 675.

**{¶30}** In the case *sub judice*, a review of the trial court's order of forfeiture indicates that the trial court set the matter for further hearing to allow the State to present evidence as to the costs incurred and the surety to present evidence for remission. We therefore find that it was not the intent of the trial court for the August 26, 2022, Journal Entry to be a final appealable order. We further find said Entry lacks the Civ.R. 54(B) certification.

{¶31} We find no compelling reason to permit the surety to pursue an immediate appeal to challenge forfeiture while these issues remain pending in the trial court. Nothing will prevent the surety from pursuing the present appellate issues these issues have been finally determined. Piecemeal litigation and piecemeal appeals are disfavored in Ohio law. *See Kildow v. Home Town Improvements,* 5th Dist. Muskingum No. CT2001–0057, 2002–Ohio–3824, ¶ 10. We therefore find Appellant-Surety's arguments in this case are premature.

{¶32} Accordingly, there is no final appealable order, and this Court is without jurisdiction to proceed. We therefore dismiss the appeal.

{¶33} For the reasons stated in the foregoing opinion, the appeal from the decision of the Knox County Court of Common Pleas is dismissed.

By: Wise, P. J.

Baldwin, J., concurs.

Delaney, J., dissents.

JWW/kw 0829

*Delaney, J., dissenting*

{¶34} I respectfully dissent from the majority opinion dismissing the appeal for lack of a final, appealable order. For the following reasons, I would deny the Appellee State of Ohio's Motion to Dismiss the appeal and address the merits of Appellant-Surety Larry Nibert's appeal.

{¶35} It is clear that "[a] **final** judgment of forfeiture in the case of a recognizance surety bond has two steps: (1) an adjudication of bail forfeiture under R.C. 2937.35 and (2) a bond forfeiture show cause hearing under R.C. 2937.36. *State v. Guzman*, 3rd Dist. Allen No. 1-19-11, 2020-Ohio-539, 2020 WL 774300, ¶ 9, citing *Youngstown v. Edmonds*, 7th Dist. Mahoning No. 17 MA 0126, 2018-Ohio-3976, ¶ 13. (Emphasis added).

{¶36} If an accused fails to appear in court, then bail may be adjudged forfeited under R.C.2937.35. The trial court completed this first step via its order of June 22, 2022. Majority Opinion, ¶8. I agree such order is not a final, appealable order under the statute as it is interlocutory in nature. *See also, Dept. of Liquor Control v. Calvert,* 6th Dist. Sandusky No. S-10-055, 2011-Ohio-4735.

{¶37} The trial court then proceeded to the second step on August 25, 2022 by conducting a show cause hearing under R.C. 2937.36. At that hearing, the Appellant-Surety presented argument it was impossible to produce Defendant Wilhelm to court as he was killed during a confrontation with the police on August 20, 2022. The trial court rejected the Appellant-Surety's argument and entered a judgment against the surety for the full amount of the bond on August 26, 2022. It also ordered the Appellant-Surety to deposit said sum within five days.

{¶38} Additionally, the trial court set for the matter for "further hearing" on October 20, 2022, "to receive evidence regarding the costs to the State and other law enforcement agencies which were incurred to secure the arrest of the Defendant". The trial court added that "[t]he surety may present evidence and arguments for remission at that time".

{¶39} Presumably, this hearing was to be conducted pursuant to R.C. 2937.39. It "provides a surety with a mechanism for requesting that a court remit all or a portion of a forfeited recognizance bond if the statutory elements are met." *AAA Sly Bail Bonds (Jefferson),* 5th Dist. Richland No. 17-CA-56, 2018-Ohio-2943, ¶ 18.

{¶40} However, R. C. 2937.36 is the only forfeiture provision that authorizes judgments against a surety. R.C. 2937.39, the remission of penalty provision states:

"After judgment has been rendered against a surety * * * the court * * *on the *appearance, surrender, or re-arrest of the accused on the charge*, may remit all or such portion as it deems just and in the case of previous application and transfer of case or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount recouped for the benefit of the person or person entitled thereto under order or remission." (Italics added).

{¶41} I would find the August 26, 2022 forfeiture judgment is a final appealable order under R.C. 2050.02(B) as it "affects a substantial right made in a special proceeding", in this case, a statutory bond forfeiture. As succinctly stated by the surety "the trial court has affected the substantial rights of Appellant Surety Larry Nibert by determining that no good cause exists so as not to forfeit the bond and ordering Appellant to pay the entire amount of the bond with five (5) days. This analysis is not affected by

the fact the trial court set the matter for a further hearing, as the factors relevant to remittance under R.C. 2937.39 are entirely different from those assessed in determining whether good cause exists so as not to forfeit the bond under R.C. 2937.36. (Appellant's Memorandum Contra State's Motion to Dismiss, p. 4.)

{¶42} The remittance of penalty provision speaks in terms of refunding funds to a surety at a future date, which potentially could be months or years after the judgment has been rendered under R.C. 2937.36. It is future remedy to pursue at the appropriate time if the statutory factors are satisfied, which may not be possible in this case as this Court has held the death of an accused is not a permissible factor for remission of a bond under R.C. 2937.39. *See, State v. Salaam*, 5th Dist. Delaware No. 18-0060, 2018-Ohio-4815, (the subsequent death of the accused is not contemplated under the clear and unambiguous language of R. C. 2937.39 and therefore, none of the requirements of R.C. 2937.39 were met).

{¶43} In this case, Appellant-Surety is directly challenging the trial court's determination as to a showing of good cause under R.C. 2937.36. It failed to persuade the trial court not to enter judgment under the second part of the test under the statute, thereby requiring the deposit of $100,000 to the court and incurring a significant liability.

{¶44} By addressing the arguments of Appellant-Surety, the validity of this judgment can be addressed sooner to protect the rights of the Appellant-Surety. If a court exercises its discretion to remit the forfeited bond, or a potion thereof, at a later date, it is a separate final order.

{¶45} Accordingly, I would proceed to address the merits of this appeal.