THE STATE, EX REL. BROWN, D.B.A. INTERNATIONAL BAIL BOND AGENCY, APPELLANT, *v.* GARFIELD HEIGHTS MUNICIPAL COURT ET AL., APPELLEES.

[Cite as State, ex rel. Brown, *v.* Garfield Hts. Municipal Court (1990), 49 Ohio St. 3d 14.]

(No. 89-323—Submitted November 14, 1989—Decided February 7, 1990.)

*William Chapman,* for appellant.

*David E. Mack,* law director, for appellees.

*Per Curiam.* This is an appeal from a decision of the Court of Appeals for Cuyahoga County that denied a writ of mandamus. Appellant, Edward S. Brown, d.b.a. International Bail Bond Agency, is an agent of Allegheny Mutual Casualty Company authorized to post recognizance bonds. He has posted bond for defendants in criminal actions pending before appellee Garfield Heights Municipal Court. However, appellee Judge Kenneth Stralka of the Garfield Heights Municipal Court maintains that Brown's payments on bond forfeitures were usually late, and that Brown was consistently rude and generally uncooperative when dealing with the court's staff.[1] According to Judge Stralka, these actions, among others, impeded the court's efficient operation.

As a result, the municipal court decided to stop accepting bonds that Brown wrote. In response, Brown sought a writ of mandamus in the court of appeals ordering such acceptance. The appellate court denied the writ, holding that the municipal court's decision was discretionary and could not be controlled through mandamus. We agree.

Contrary to the implication of Brown's argument, this is not a case in which an accused is complaining that he was denied bail or that he was required to post excessive bail. Indeed, this case does not involve even the denial of a license to do business as a professional bondsman. Cf. *State, ex rel. Howell,* v. *Schiele* (1950), 153 Ohio St. 235, 41 O.O. 249, 91 N.E. 2d 5 (municipal treasurer could not be compelled through mandamus to issue a professional bondsman license because the decision to deny the license due to the applicant's prior convictions was within the official's discretion). Rather, here, we have a case in which a bondsman wants to compel a court to work with him even though he does not conduct his business in a professional manner.

Brown cites no authority requiring the municipal court to do business with him and we cannot conceive of any reason why it should. (*State, ex rel. Nathan,* v. *Weyand* [C.P. 1912], 23 Ohio Dec. 484, 13 Ohio N.P. [N.S.] 198, cited by Brown, merely stands for the proposition that a person cannot be denied the privilege of being a surety on a bond on the basis that he is a professional bondsman.) Moreover, as the court of appeals properly noted, R.C. 2731.03 prevents us from controlling the municipal court's discretion in such matters. Accordingly, we affirm the judgment denying Brown a writ of mandamus.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.

---

[1] Although Brown refers to these assertions as "unlikely" here, he apparently did not challenge them below.