The STATE of Ohio, Appellee,

v.

GRIMSLEY, Appellant.

[Cite as *State v. Grimsley* (1998), 131 Ohio App.3d 44.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19071.

Decided Dec. 30, 1998.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

*Nicholas Swyrydenko,* for appellant.

---

REECE, Presiding Judge.

Appellant Jennifer F. Grimsley appeals from her conviction in the Summit County Court of Common Pleas. We affirm.

## I

On January 29, 1998, the Summit County Grand Jury rendered a ten-count indictment against Grimsley and two co-defendants for their roles in the attempted robbery of a Jared's jewelry store in Summit County, Ohio. Count seven of the indictment read as follows:

"And the Grand Jurors of the State of Ohio, within and for the body of the County of Summit aforesaid, on their oaths in the name and by the authority of the State of Ohio, DO FURTHER FIND AND PRESENT, that A) JOHN FITZGERALD BRACKEN aka JAMES SAMPLE (FITZ) and B) RONNELL OVERTON aka WILLIE KINBEL (FEE) and C) JENNIFER F. GRIMSLEY on or about the 20th day of January, 1998, in the County of Summit aforesaid, did commit the crime of COMPLICITY TO COMMIT AGGRAVATED ROBBERY in that they did aid or abet in attempting or committing a theft offense, as defined in Section 2913.01 of the Ohio Revised Code, to wit: theft/Jared's Jewelry Store or in fleeing immediately after the attempt or offense, have a deadly weapon, to wit: handgun on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it, inflict, or attempt to inflict, serious physical harm on another, in violation of Section 2911.01(A)(1)/(A)(3)/2923.03 of the Ohio Revised Code, A FELONY OF THE FIRST DEGREE, contrary to the form of the statute in such a case made and provided and against the peace and dignity of the State of Ohio."

Grimsley's trial was severed from that of the other two co-defendants. At trial, Grimsley moved for acquittal under Crim.R. 29 on all counts, and the trial court granted the motion except as to counts three, four, and seven. Prior to resting her case in chief, Grimsley moved to dismiss counts three and seven of the indictment for failure to properly charge an offense, pursuant to Crim.R. 12(B)(2).

The trial court denied the motion, and the case was submitted to the jury. The jury found Grimsley not guilty on counts three and four and guilty on count seven, complicity to commit aggravated robbery. The trial court sentenced her to a four-year term of incarceration. This appeal followed.

## II

Grimsley asserts one assignment of error:

"The trial court erred in denying appellant's motion to dismiss Count Seven of the indictment for its failure to properly state or charge an offense under the laws of Ohio."

Grimsley argues that the trial court should have granted her motion to dismiss count seven of the indictment because it failed to charge an offense. She contends that count seven was deficient because (1) it failed to properly charge the underlying offense of aggravated robbery, (2) it failed to allege the required culpable mental state for commission of the offense, and (3) it failed to allege the existence of a principal offender. We shall address each of these contentions in turn.

## A

Grimsley first argues that count seven of the indictment failed to properly charge the underlying offense of aggravated robbery. R.C. 2911.01(A) states:

"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

"(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

"* * *

"(3) Inflict, or attempt to inflict, serious physical harm to another."

Under Crim.R. 7(B), an indictment "may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged."

Grimsley's contention is not well taken. In *State v. Drescher* (June 16, 1982), Summit App. No. 10531, unreported, 1982 WL 5055, an indictment for aggravated robbery tracked the language of the statute, but the appellant argued that it did not sufficiently charge an offense. This court held that the indictment

sufficiently charged the offense of aggravated robbery under Crim.R. 7(B) because it tracked the statutory language. *Id.* at 6. In the case at bar, as relates to aggravated robbery, count seven charges that Grimsley [1] (1) either (a) while attempting or committing a theft offense or (b) while fleeing immediately after the commission or attempted commission of a theft offense, (2)(a)(i) had a deadly weapon on or about her person or under her control and (ii) displayed the weapon, brandished the weapon, indicated that she possessed the weapon, or used the weapon, or (b) inflicted, or attempted to inflict, serious physical harm on another. The indictment tracks the language of the statute precisely. Count seven properly charges the offense of aggravated robbery.

## B

Next, Grimsley propounds two arguments, focusing on the complicity statute. Grimsley contends that count seven is deficient for failure to allege the existence of a principal offender whom she was alleged to have aided or abetted. She also argues that the indictment fails to state the required culpable mental state for a violation of the complicity statute.

R.C. 2923.03 states:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"* * *

"(2) Aid or abet another in committing the offense[.]

"* * *

"(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

 The plain language of the statute permits an indictment to be framed in terms of the principal offense or the complicity statute. As we noted above, count seven of the indictment in this case sufficiently charges the principal offense. Thus, any alleged deficiency in the indictment with regard to complicity is irrelevant and harmless beyond a reasonable doubt. See Crim.R. 52(A). Grimsley's complicity conviction may be sustained on an indictment solely using the language of the principal offense. See *State v. Rogers* (July 8, 1998), Summit App. No. 18753, unreported, at 6–7, 1998 WL 388996.

---

1. As will be mentioned below, an accomplice may be indicted in terms of the principal offense. Therefore, in testing the sufficiency of the aggravated robbery portion of count seven, we will state the charge as if Grimsley herself had committed the offense.

48

C

In conclusion, we find no fatal defect in count seven of the indictment charging Grimsley with complicity to commit aggravated robbery. Grimsley has vigorously assailed the grammar and coherency of count seven. While count seven may not be perfect, it sufficiently charges a criminal offense under the laws of the state of Ohio. Accordingly, Grimsley's sole assignment of error is overruled.

III

Grimsley's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DICKINSON and CARR, JJ., concur.