OPINION
{¶ 1} Defendant-appellant, Antonio L. Smith, appeals from the judgment of the Court of Common Pleas of Logan County finding him guilty of possession of drugs in violation of R.C. 2925.11(A).
 {¶ 2} On August 29, 2003 officers of the Logan County Sheriff's Office obtained a warrant to search the apartment of Amy Dunn. Two days prior, the police had conducted a controlled buy at the apartment with the help of a confidential informant. The informant had purchased cocaine from someone out of that apartment whom he knew to be Dunn's boyfriend.
 {¶ 3} Six officers came to the apartment to execute the search warrant. They arrived and found that the door to the apartment was locked. The officers knocked on the door, and a black male answered, who was later identified as Michael Sparks. The officers identified themselves and told Sparks they were there to execute a warrant, at which point he slammed the door shut. The officers forcibly opened the apartment door and found three males inside a small studio apartment. They secured the individuals, who, according to police testimony at trial, identified themselves as Michael Sparks, Shawn Lamarr, and "Alonzo Gilbert." In the apartment they also found large quantities of crack cocaine on a plate on the bed, and a box of sandwich bags next to it. Another sandwich bag of cocaine was found in the closet. There were also large sums of cash found scattered about the apartment and on the three individuals. In total, the record indicates that 16.95 grams of cocaine were found in the apartment, as well as $2455 dollars, $615 of which was found on the person identified as "Alonzo Gilbert." The three males were arrested and transported to the Sheriff's Office. Upon questioning, Gilbert was identified as the defendant, Antonio Smith.
 {¶ 4} On December 9, 2003 Smith was indicted on one count of possession of drugs in violation of R.C. 2925.11(A), and a specification that Smith owned $2455.00 in proceeds from drug-related activity that was subject to forfeiture pursuant to R.C. 2925.42. Smith pled not guilty to the charges, and a jury trial was held on October 24, 2004. The jury returned a verdict of guilty on the charge of possession and on the specification. A sentencing hearing was held on November 29, 2004 where the court sentenced Smith to six years imprisonment, to be served consecutively to sentences already being served. Smith now appeals, asserting the following three assignments of error:
The State of Ohio failed to produce sufficient evidence as to allessential elements of the offense.
 The acts and omissions of the trial counsel deprived Antonio Smith ofthe effective assistance of counsel.
 The trial court's imposition of a sentence greater than the statutoryminimum was contrary to law.
 {¶ 5} In his first assignment of error, Smith argues that the State presented insufficient evidence to prove the essential elements of possession. The Ohio Supreme Court has set forth a test to determine whether the evidence submitted in a trial was sufficient for the trier of fact to determine a crime had been proven beyond a reasonable doubt. SeeState v. Jenks (1991), 61 Ohio St.3d 259. The duty of the appellate court when reviewing whether evidence presented was sufficient to support a criminal conviction "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Id. at ¶ 2 of the syllabus. We must determine, after viewing the evidence in a light most favorable to the State, whether the fact-finder could have found that the prosecution proved all of the essential elements of the crime beyond a reasonable doubt. Id.
 {¶ 6} In order to prove possession of drugs, the State must show that Smith "knowingly obtain[ed], possess[ed], or use[d] a controlled substance." R.C. 2925.11(A). For purposes of this offense, the Revised Code defines "possession" as "having control over a thing or substance." R.C. 2925.01(K).
 {¶ 7} In the instant case, the sole evidence presented by the prosecution was that Smith was found in a small, one-room apartment where cocaine was located. No drugs were found on his person, and the State conceded that it was impossible to prove who provided the cocaine. Moreover, there was no evidence presented that Smith had used cocaine. We find that the evidence presented establishing Smith's presence at the scene was insufficient to prove that he exercised control over the cocaine. See City of Cincinnati (1971), 30 Ohio App.2d 45, at ¶ 2 of the syllabus. Accordingly, the State has failed to prove all of the essential elements of R.C. 2925.11(A) beyond a reasonable doubt, and Smith could not be convicted as the principal offender on the indicted charge of possession.
 {¶ 8} However, the State argued in this case that Smith was guilty of aiding and abetting. The State's theory was that each of the three males was complicit in the possession of drugs, due to the small size of the apartment and the fact that the drugs and the money were found in plain view scattered across various parts of the room. It is well-settled law that the prosecution may advance a complicity theory even though a criminal defendant was indicted as the principal offender. R.C. 2923.03(F);State v. Grimsley (1998), 131 Ohio App.3d 44, 47; State v. Tumbleson
(1995), 105 Ohio App3d 693, 697 (citations omitted). R.C. 2923.03(F) allows the State to charge a defendant with complicity either under the complicity statute or the principal offense. In addition, in order to convict a defendant as an accomplice, the State need not prove who the principal offender was but only that there was a principal. State v.Perryman (1976), 49 Ohio St.3d 14.
 {¶ 9} The prosecutor argued at trial that Smith was guilty as an accomplice by aiding and abetting the principal. See R.C. 2923.03(A)(2). She asked the trial court to instruct the jury on aiding and abetting, and the court did so. "[T]o support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." State v. Johnson
(2001), 93 Ohio St.3d 240, 246, 754 N.E.2d 796, 2001-Ohio-1336. Intent may be inferred from the surrounding circumstances. Id.
 {¶ 10} Once again, the only evidence presented by the State was that Smith was in a small room where cocaine was out in plain view. There was no evidence presented demonstrating that Smith was involved in packaging, distributing, or selling the cocaine in any way, or that Smith had provided the cocaine to the others. Evidence that Smith was at the location where an offense took place is insufficient to demonstrate complicity: "the mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." State v. Widner (1982), 69 Ohio St.2d 267, 269; see alsoJohnson, 93 Ohio St.3d at 243 (stating that the purpose of this rule is to protect individuals who are innocent bystanders and have no connection to the crime).
 {¶ 11} Therefore, although there was evidence in the record demonstrating Smith's presence at the scene, there was insufficient evidence presented to prove that he supported, assisted, encouraged, cooperated with, advised, or incited the principal. Accordingly, the evidence was insufficient to prove the essential elements of complicity. Based on the foregoing, appellant's first assignment of error is sustained. The judgment of the lower court is reversed and the matter is remanded to the trial court for vacation of appellant's conviction and sentence.
 {¶ 12} In light of our resolution of appellant's first assignment of error, we need not address appellant's second and third assignments of error. See App.R. 12(A)(1)(c).
Judgment reversed and cause remanded.
 Bryant and Rogers, JJ., concur.