OPINION
{¶ 1} Defendant-appellant Shawn D. Lamarr ("Lamarr") brings this appeal from the judgment of the Court of Common Pleas of Logan County finding him guilty of possession of drugs and trafficking in drugs.
 {¶ 2} On August 27, 2003, confidential informant Jeremy Stevens ("Stevens") agreed to make a controlled purchase of drugs from a location that he knew to be selling crack cocaine. Stevens indicated to the police that he knew a black male was selling crack cocaine out of the apartment of Amy Dunn ("Dunn"). The officers searched Stevens and his motor vehicle for cash and drugs and found none. They then fitted Stevens with a body wire and provided him with one hundred dollars to buy the drugs.
 {¶ 3} At that time, Stevens went to Dunn's apartment and entered the home. Stevens was admitted to the home by a large black male with his hair in corn rows. The man then pulled crack cocaine out of his pocket and exchanged it for the money Stevens presented. Stevens then left the home and turned over the drugs to the officers. Stevens was not able to identify the man by name, but informed the police that he was familiar with him and knew he was the boyfriend of Dunn. Additionally, Stevens informed the police that he had purchased crack cocaine from the man approximately three times in the prior month.
 {¶ 4} On August 29, 2003, the officers obtained a search warrant for Dunn's home. The officers found the residence locked. They knocked on the door and a black male, later identified as Michael Sparks ("Sparks") came to the door. The officers identified themselves as police, stated they had a search warrant, and ordered Sparks to open the door. Sparks immediately shut the interior door and ran into the apartment. The officers forced open the doors and entered the apartment. Three males were found in the apartment and were secured. In addition to Lamarr and Sparks, a third suspect was identified as Alonzo Colbert ("Colbert"). During the search, the officers observed a plate lying on the floor with a large amount of crack cocaine on it and a box of plastic bags lying next to it. The police also found large amounts of money throughout the apartment. In total, the police located 16.59 grams of crack cocaine and $2,455.00 in the apartment. The three suspects were arrested and transported to the jail.
 {¶ 5} On December 9, 2003, Lamarr was indicted by the Logan County Grand Jury on one count of possession of drugs, in violation of R.C.2925.11(A), and one count of trafficking in drugs, in violation of R.C.2925.03(A)(1). Lamarr entered not guilty pleas to both charges. On October 5, 2004, a jury trial was held on the charges. The jury returned verdicts of guilty on all counts. On November 15, 2004, a sentencing hearing was held. The trial court then sentenced Lamarr to serve six years in prison on the possession conviction and eleven months in prison on the trafficking charge with the sentences to be served concurrently. Lamarr appeals the judgment of conviction and raises the following assignments of error.
The trial court erred by instructing the jury on the issue ofcomplicity.
 The conviction of [Lamarr] in the trafficking case violated his dueprocess rights in that the State was unable to positively identify[Lamarr] as the drug trafficker.
 {¶ 6} In the first assignment of error, Lamarr claims that the trial court erred in instructing the jury on the issue of complicity. The State requested an instruction on complicity prior to closing arguments. The trial court denied the motion finding that no mention had been made of aiding and abetting during the trial. Then the parties proceeded to make their closing arguments, and no mention of complicity was made. However, in summation the State argued that Lamarr was guilty of complicity in possession of the drugs because at the least, he had aided and abetted the others in possessing the drugs by providing a location for the drugs to be packaged. The State's rebuttal argument was the first time and the only time in the trial that the State's theory of complicity in the charge was raised.
 {¶ 7} At the close of arguments, the trial court instructed the jury without giving an instruction on complicity. However, the jury specifically asked the trial court about complicity during its deliberations. The State raised the argument that Lamarr should have had notice of the intent to argue complicity of the possession charge because before trial the State had requested joinder of Lamarr's case with trials of charges against Sparks and Colbert. Based upon this argument, the trial court provided to the jury an instruction on complicity for the possession charge.
 {¶ 8} It is well-settled law that the prosecution may advance a complicity theory even though a criminal defendant was indicted as the principal offender. R.C. 2923.03(F); State v. Grimsley (1998),131 Ohio App.3d 44, 47; State v. Tumbleson (1995),105 Ohio App3d 693, 697. R.C. 2923.03(F) allows the State to charge a defendant with complicity either under the complicity statute or the principal offense. In addition, in order to convict a defendant as an accomplice, the State need not prove who the principal offender was but only that there was a principal. State v. Perryman (1976),49 Ohio St.3d 14.
 {¶ 9} Lamarr argues that a complicity instruction was improper in this case because it violated his due process rights due to the fact that he was not on notice that the prosecutor intended to advance a complicity argument. He cites the First District Court of Appeals decision in Statev. Killings, 1st Dist. Nos. C-970167, C-970247, unreported, 1998 WL 272959, as support for his argument that instructing the jury on the issue of complicity violated his rights to have notice of the offense.
 {¶ 10} The Killings case is inoperative here. In Killings, the First District found that it was improper to instruct the jury on complicity because he had been indicted as the principal offender. Id. at *2-3. However, this was due only to the unique factual circumstances in that case. As part of its case-in-chief, the prosecution in Killings offered evidence on the factual background of the case. The prosecutor argued that Killings and two friends abducted a thirteen-year-old girl, and then placed her in an automobile where Killings and one of the others vaginally raped her. Thus, the victim was raped twice, once each by two different men. The State then charged Killings with kidnapping and one count of rape. The First District Court found that the instruction on complicity was improper because Killings was not charged with anything surrounding the second rape, the only rape for which he could be considered an accomplice. Because Killings was not charged with the second rape, he was not put on notice by operation of R.C. 2923.03(F) that evidence could be presented that he aided and abetted his friend in committing the second rape. Id. at *3. Had he been charged with two separate counts of rape, presumably the First District would have allowed the complicity instruction.
 {¶ 11} In the instant case, Lamarr was put on notice by operation of R.C. 2923.03(F) that the jury could be instructed on complicity, even though he was only charged as the principal. State v. Keenan (1998),81 Ohio St.3d 133, 151; see also State v. Beach, 6th Dist. No. L-02-1087, 2004-Ohio-5232, ¶ 52. The factual situation existent inKillings did not occur here. The police found Lamarr in a room with two others and a large quantity of cocaine. It is reasonable to believe that one of those individuals possessed the cocaine, though, as the State conceded, it was impossible to prove to whom the drugs belonged. Therefore, there was one act of possession to which Lamarr was either the principal offender or an aider and abettor, according to the State's argument. The one indicted charge of possession put him on notice that the State could argue either theory or both.
 {¶ 12} Accordingly, R.C. 2923.02(F) permitted the trial court to instruct the jury on complicity. However, such an instruction would only be proper if there was sufficient evidence in the record to establish complicity. State v. Woods (1988), 48 Ohio App.3d 1. We find that there was sufficient evidence presented that would establish aiding and abetting in this instance.
 {¶ 13} First, the State presented evidence that Lamarr lived at the apartment in question. The apartment belonged to Lamarr's girlfriend, and he was residing there at the time of the incident. Moreover, there was evidence suggesting that this was the same apartment where the confidential informant conducted the controlled purchase of the drugs from Lamarr two days prior.
 {¶ 14} Second, the officers testified at trial that the sandwich bags present at the scene were the same type as the bag given to the confidential informant by Lamarr in the controlled buy. They were identical bags, and they had been torn off at the corner and tied just as had the bag given by Lamarr to the informant.
 {¶ 15} This evidence would at least circumstantially tend to show that when the police arrived at the apartment Lamarr was providing the other two with the cocaine in the same way he provided cocaine to the informant two days before. In the alternative, it would tend to show that one of the other men had arrived with the cocaine and was providing it to Lamarr to distribute to buyers in the way he had with the informant. Under either circumstance, there was sufficient evidence to show that Lamarr "supported [or] assisted * * * the principal in the commission of the crime." State v. Johnson, 93 Ohio St.3d 240, 2001-Ohio-1336, ¶ 30. Therefore, there was sufficient evidence in the record to establish complicity.
 {¶ 16} It is the conclusion of a majority of this court that the trial court did not commit reversible error in giving the complicity instruction when specifically asked by the jury. However, it should be noted that notwithstanding the separate opinions filed herein, this court is unanimous in its disapproval of the manner in which the issue of complicity was permitted to "emerge" before the jury in this case.
 {¶ 17} As noted earlier, the record indicates that the state first requested an instruction on complicity which, based on the evidence in this case, was inexplicably denied by the trial court. Subsequently, the parties proceeded to closing argument in borderline compliance with the court's ruling, although discussion of joint or sole participation in the crime was conducted by both sides. In any event, in what appears to be a direct violation of the trial court's original ruling, the state evidently felt compelled to raise the issue of complicity directly for the first time in its final closing, which appears to have created the subsequent jury question. Thereupon, the trial court, perhaps concluding that the door had now been opened in final arguments, reversed its prior ruling and gave the complicity instruction which, in turn, created the first assignment of error.
 {¶ 18} It is apparent from the separate opinions filed in this case that permitting the complicity instruction to evolve in this manner carried the potential for reversible error. Nevertheless, for the reasons stated earlier in this opinion and for the reasons set forth in the concurring opinion, we find any error to be harmless. Accordingly, the first assignment of error is overruled.
 {¶ 19} The second assignment of error claims that the State failed to positively identify that Lamarr was the person who sold the drugs. The basis of this argument is that Stevens did not positively identify Lamarr in court as the man who had sold him the drugs. However, testimony was presented that Stevens had told the officers that he had purchased crack cocaine from Dunn's boyfriend, a large black male with corn rows in his hair, on several occasions. Tr. 89. At the time of Lamarr's arrest, he had corn rows in his hair. He had been the one dating Dunn and residing with her at the residence. Additionally, testimony was presented that Stevens made a positive identification of Lamarr as the person who sold him the drugs soon after the arrest was made. Tr. 125. Although this may not be direct, in-court testimony of identity, it is evidence of identity. The jury has the right to weigh the evidence and find as a fact that Lamarr is the person who committed the crime. Thus, the second assignment of error is overruled.
 {¶ 20} Based on the foregoing, the judgment of the Court of Common Pleas of Logan County is affirmed.
Judgment affirmed.
 Rogers, J., concurs separately.