[Cite as *State v. Navarro*, 2015-Ohio-3516.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-14-081

      Appellee                           Trial Court No. CRA 1300923

v.

Brandon L. Navarro

      Defendant

                          **DECISION AND JUDGMENT**

[Bunk and Junk Bail Bonds,
LLC—Appellant]                            Decided:  August 28, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Aram M.
Ohanian and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

Martin E. Goff, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} This is an accelerated appeal from an order of the Perrysburg Municipal

Court, Wood County, Ohio, denying a motion filed by Bunk and Junk Bail Bonds, LLC

("Bunk and Junk"), for reinstatement of previously revoked surety bond posting

privileges.  Bunk and Junk raises one assignment of error for our review:

The trial court erred as a matter of law when, after the Appellant had paid the bond forfeiture judgment, it issued a one sentence denial of the Appellant's oral motion to lift the Court ordered suspension of its bond posting privileges that was previously imposed solely because the Appellant had not timely paid the forfeiture judgment.

{¶ 2} On July 17, 2013, Brandon Navarro was charged with one count of felonious assault, a felony of the second degree, and one count of failure to comply, a felony of the third degree. *See State v. Navarro*, Perrysburg M.C. No. CRA-13-00923 (July 17, 2013). At arraignment, bail was set at $70,000. Bunk and Junk posted a surety bond and Navarro was released from jail. When Navarro failed to appear at a preliminary hearing, the trial court issued a bench warrant and scheduled a bond forfeiture hearing for September 9, 2013.

{¶ 3} Bunk and Junk appeared at the bond forfeiture hearing and was given 21 days to produce Navarro or "bring a certified check for the amount of the bond." Bunk and Junk failed to produce Navarro on the September 30, 2013 deadline. At hearing, bail was forfeited and Bunk and Junk was ordered to pay the full amount of the bond "forthwith." The following day, the trial court issued the following order:

SURETY BUNK AND JUNK BAIL BONDS LLC HAS FAILED

TO PAY FORFEITED BOND AS ORDERED IN THESE CASES.

THEREFORE, BUNK AND JUNK BAIL BONDS LLC AND ALL OF

2.

ITS AGENTS ARE SUSPENDED FROM POSTING ANY SURETIES IN

THIS COURT.

{¶ 4} Bunk and Junk appealed. Several motions for extension of time were filed. In June 2014, the appeal was dismissed for failure to timely file a brief. Thereafter, the trial court ordered Bunk and Junk to remit $70,000 "FORTHWITH." Bunk and Junk retained new counsel and requested an additional 60 days to remit payment or produce Navarro. Bunk and Junk's request was denied.

{¶ 5} Meanwhile, in mid-July 2014, Navarro was picked up on the Mexican border and taken into custody. A few days later federal prison transport services brought Navarro back to Ohio. The state moved to dismiss the felony charges. A judgment entry dismissing the charges was journalized July 28, 2014.

{¶ 6} On July 30, 2014, Bunk and Junk moved for remission of the forfeited bond. The matter was set for a bond remission hearing on September 16, 2014, and continued at Bunk and Junk's request until September 23, 2014.

{¶ 7} On the morning of September 23, 2014, Bunk and Junk presented a $70,000 check to the clerk of courts. During the bond remission hearing, Bunk and Junk argued in favor of its motion for remission and orally moved for termination of the suspension of its bond posting privileges. Both motions were denied. An October 22, 2014 docket entry states, in relevant part, as follows:

IN THIS INSTANCE, THE RECORD REVEALS THAT THE

SURETY DID NOT ADEQUATELY INVESTIGATE DEF'S CRIMINAL

3.

BACKGROUND AND COMPLIANCE RISKS PRIOR TO POSTING DEF'S BOND AND COLLECTING ITS FEE, AND WAS THERFORE NEGLIGENT IN ISSUING THE BOND. FURTHERMORE, THE SURETY FAILED TO COMPY WITH THE COURT'S ORDER FOR ALMOST ONE FULL YEAR AND ONLY COMPLIED WITH THE FORFEITURE ORDER THE DAY OF THIS HEARING. WHEREFORE, BASED ON THE FOREGOING AND UPON DUE CONSIDERATON OF THE RECORD IN THIS CASE, THE COURT DENIES THE SURETY'S MOTION FOR REMISSION OF FORFEITED BOND. THE COURT FURTHER DENIES THE SURETY'S ORAL MOTION TO TERMINATE THE SUSPENSION OF BUNK AND JUNK BAIL BONDS, LLC AND ALL OF ITS AGENTS FROM POSTING ANY SURETIES IN THIS COURT.

{¶ 8} On appeal, Bunk and Junk does not argue the trial court erred when it refused to remit all or part of the $70,000 bond posted in the felony case. Rather, Bunk and Junk contends that the trial court abused its discretion when it failed to remove the suspension of Bunk and Junk's bond posting privileges without stating a "reason or legal basis for the denial."

{¶ 9} Preliminarily, it is important to note that the trial court was under no obligation to explain why it denied Bunk and Junk's oral motion to remove the

previously imposed suspension of its bond posting privileges. Nonetheless, in our opinion, the trial court did, in fact, explain its reasons clearly when it stated,

THE SURETY DID NOT ADEQUATELY INVESTIGATE DEF'S CRIMINAL BACKGROUND AND COMPLIANCE RISKS PRIOR TO POSTING DEF'S BOND AND COLLECTING ITS FEE, AND WAS THERFORE NEGLIGENT IN ISSUING THE BOND. FURTHERMORE, THE SURETY FAILED TO COMPY WITH THE COURT'S ORDER FOR ALMOST ONE FULL YEAR AND ONLY COMPLIED WITH THE FORFEITURE ORDER THE DAY OF THIS HEARING.

{¶ 10} In response to Bunk and Junk's implication that the trial court did not have the authority to bar it from posting bonds in the court, the state cites *State ex rel. Brown v. Garfield Heights Mun. Court*, 49 Ohio St.3d 14, 15, 550 N.E.2d 454 (1990) for the proposition that the trial court "was well within its rights to decide not to work with Bunk & Junk."

{¶ 11} In *Brown*, an individual doing business as a bail bond agency appealed a decision denying a writ of mandamus ordering the municipal court to accept bonds written by him as an agent of Allegheny Mutual Casualty Company. *Id.* at 14. The trial judge appellee defended its actions stating that Brown's "payments on bond forfeitures were usually late, and that Brown was consistently rude and generally uncooperative when dealing with the court's staff." *Id.* at 15. Affirming the judgment denying Brown a writ of mandamus, the Ohio Supreme Court indicated that the municipal court's decision

5.

to stop accepting surety bonds from Brown was discretionary and could not be controlled through mandamus. *Id.*

{¶ 12} Applying the *Brown* holding to the case at bar, we find the trial court acted well within its discretion when it denied Bunk and Junk's motion for reinstatement of previously revoked surety bond posting privileges. Appellant's sole assignment of error is not well-taken.

{¶ 13} We affirm the judgment of the Perrysburg Municipal Court. Pursuant to App.R. 24, the costs of this appeal are assessed to appellant.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.