[Cite as *State v. Navarro*, 2017-Ohio-774.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-15-074

     Appellee                                  Trial Court No. CRA-1300923

v.

Brandon Navarro

     Defendant

[Bunk & Junk Bail Bonds,                         **DECISION AND JUDGMENT**
LLC—Appellant]                                   Decided:  March 3, 2017

* * * * *

Frank J. Simmons II, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Appellant, Bunk & Junk Bail Bonds, LLC, appeals the judgment of the

Perrysburg Municipal Court denying its motion for remission of a forfeited bond.  For the

reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On July 18, 2013, Brandon Navarro was arraigned on one count of felonious assault, a felony of the second degree, and one count of failure to comply, a felony of the third degree. Bail was set at $70,000. Appellant posted a surety bond, and Navarro was released from jail. Navarro subsequently failed to appear at a preliminary hearing, and a bond forfeiture hearing was scheduled for September 9, 2013. At the bond forfeiture hearing, appellant was given until September 30, 2013, to produce Navarro. Appellant failed to produce Navarro on September 30, 2013, and was ordered to pay the $70,000 bond forthwith. Appellant appealed, and the appeal was ultimately dismissed in June 2014 for failure to timely file a brief.

{¶ 3} In mid-July 2014, Navarro was apprehended by federal authorities near the Mexican border, and was returned to Ohio. The state dismissed the charges against Navarro on July 28, 2014.

{¶ 4} On July 30, 2014, appellant moved for remission of the forfeited bond. A hearing was held on the motion on September 23, 2014. Also, on the morning of September 23, 2014, appellant finally presented a check for $70,000 to the clerk of courts. In addition to arguing for remission of the forfeited bond, appellant also moved for reinstatement of its bond posting privileges. On October 22, 2014, the trial court denied both motions. Appellant appealed the trial court's decision.

{¶ 5} On August 28, 2015, we affirmed the trial court's October 22, 2014 judgment. *State v. Navarro*, 6th Dist. Wood No. WD-14-081, 2015-Ohio-3516. In our

2.

decision, we noted that appellant did not argue that the trial court erred when it refused to remit all or part of the forfeited $70,000 bond, but rather limited its argument to the court's suspension of its bonding privileges. *Id.* at ¶ 8.

{¶ 6} Following our decision on appeal, on October 28, 2015, appellant filed another motion to return the forfeited funds without offering any grounds in support, except to note that a refund of the full forfeiture amount of $3,370 was issued to appellant in a companion case. The trial court denied the motion on November 2, 2015.

## II. Assignments of Error

{¶ 7} Appellant has now timely appealed the trial court's November 2, 2015 judgment entry, asserting two assignments of error for our review:

1. The trial court abused its discretion by failing to remit "any" portion of the forfeited bond to the appellant after the case was dismissed and the defendant was in custody.

2. The decision of the trial court forfeiting the bond and failing to remit any portion of the paid bond to the appellant is contrary to law.

{¶ 8} Appellee, the state of Ohio, has not filed a brief in this matter.

## III. Analysis

{¶ 9} In its brief in support of the assignments of error, appellant argues that the trial court abused its discretion by refusing to remit any portion of the bond without expressly considering the relevant factors. Notably, appellant makes no mention

3.

whatsoever of the appeal from the trial court's October 22, 2014 judgment denying the motion to remit the forfeited bond.

{¶ 10} Upon consideration, we hold that appellant's arguments are barred by res judicata. "Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand." *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995). Here, appellant's brief relies on arguments pertaining to the trial court's decision following the September 23, 2014 hearing on the motion to remit the forfeited funds. Those arguments could have, and should have, been made in the initial appeal from the trial court's October 22, 2014 judgment. Thus, since appellant failed to raise those arguments earlier, it is barred by res judicata from raising them now.

{¶ 11} Accordingly, appellant's assignments of error are not well-taken.

## IV. Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                               _____

                                                             JUDGE

Thomas J. Osowik, J.                                 _____

James D. Jensen, P.J.                                 JUDGE
CONCUR.

                                                             _____

                                                              JUDGE